IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ROBERT COCHONOUR, ) | Bankruptcy Case No. 06-60031 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| JAY E. HAYDEN FOUNDATION, ) | |
| CHARLES PALMER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Adversary Case No. 08-06009 |
| ) | |
| ROBERT B. COCHONOUR, ) | |
| ) | |
| Defendant. ) | |

## O P I N I O N

This matter having come before the Court on a Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant, Robert B. Cochonour, Objection to Defendant's Rule 12(b)(1) Motion to Dismiss filed by Plaintiffs, and Defendant Robert Cochonour's Reply to Plaintiff's Objection to Motion to Dismiss for Lack of Jurisdiction; the Court, having heard arguments of counsel, reviewed the written memoranda of the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

In Marshall v. Marshall, 547 U.S. 293 (2006), the Supreme Court affirmed the probate exception to federal court jurisdiction, stating that:

> The probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. Marshall, at 311.

There are two main bases for the probate exception to federal jurisdiction. First, issues of probate administration involve *in rem* disputes over property in the probate court's control, in which other courts should not become entangled. See: Jones v. Brennan, 465 F.3d 304 (7th Cir. 2006). Second, state courts have unique proficiencies, in terms of legal acumen, procedures, and specialized staff, to deal with probate matters, which

federal courts lack. <u>Id</u>. at 307. In the instant case, the issues involved in this adversary proceeding are also currently pending before the Circuit Court of Cumberland County, Illinois. The issues involve the validity of a disclaimer by the Defendant's mother, Ruth Cochonour, as to the assets of the Estate of Defendant's father, Clark Cochonour. The validity of the disclaimer is controlled under the Illinois Probate Act, and, as such, the ownership of the real estate in question is an open question in the probate case of Clark Cochonour, now pending before the state Court.

Given that the issues involved in the instant adversary proceeding are intricately intertwined with the probate proceeding pending in state court, this Court finds that the probate exception to federal jurisdiction has been established in this case. As such, this Court finds that the probate proceeding in the Circuit Court of Cumberland County, Illinois, must proceed to its conclusion before this Court can exercise jurisdiction to determine if any property arising out of the probate case is property of the bankruptcy estate. Thus, this Court will allow the Motion to Dismiss for Lack of Subject Matter Jurisdiction of Defendant, Robert Cochonour, without prejudice to the Plaintiffs to refile the adversary proceeding at such time as the issues have been resolved in the state court probate case.

ENTERED: June  5 , 2008.

/s/Gerald D. Fines
GERALD D. FINES
United States Bankruptcy Judge